UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

------------------------------------------------------------

HARRIET NICHOLSON,

                Plaintiff,

- against -

THE BANK OF NEW YORK MELLON, f/k/a THE BANK
OF NEW YORK, Trustee for the
Certificate Holders of CWMBS, Inc., CWMBS
Reforming Loan Remic Trust Certificates
Series 2005-R2,

                Defendant.

**ORDER**

22 Civ. 3177 (PGG) (KHP)

------------------------------------------------------------

PAUL G. GARDEPHE, U.S.D.J.:

        In this diversity action, pro se Plaintiff Harriet Nicholson seeks declaratory relief and damages for "fraud on the courts." The Second Amended Complaint ("SAC") is styled as "an independent equitable action pursuant to Fed. R. Civ. P. 60 (d)(1), Fed. R. Civ. P. 60 (d)(3), Fed. R. Civ. P. 60 (b)(3), Fed. R. Civ. P. 60 (b)(4), and Fed. R. Civ. P. 60 (b)(6) to set aside a void Texas state court judgment for denial of due process, fraud on the court and lack of jurisdiction." (Second Am. Cmplt. ("SAC") (Dkt. No. 35) at p. 1) Defendant Bank of New York Mellon is the assignee of Plaintiff's home loan, which is secured by a "deed of trust" – the Texas equivalent of a mortgage – on Nicholson's home in Grand Prairie, Texas.

        Defendant has moved to dismiss the SAC, pursuant to Rules 12(b)(1) and 12(b)(6) of the Federal Rules of Civil Procedure. (Dkt. No. 53) Plaintiff has moved for leave to amend. (Dkt. No. 59) This Court referred the motions to Magistrate Judge Katharine H. Parker for a Report & Recommendation ("R&R"). (Dkt. No. 79) On November 7, 2022, Judge Parker issued an R&R recommending that Defendant's motion to dismiss be granted because Plaintiff's

claims are precluded by the Rooker-Feldman doctrine and res judicata, and that leave to amend be denied. (R&R (Dkt. No. 83))

For the reasons stated below, the R&R will be adopted to the extent that it finds Plaintiff's claims are barred by res judicata. This Court likewise adopts the R&R's recommendation that leave to amend be denied.

## BACKGROUND[1]

I. **THE TEXAS LITIGATION**

In 2001, Plaintiff Harriet Nicholson purchased a home in Grand Prairie, Texas, where she lives. She borrowed $125,048 from Mid America Mortgage, Inc. ("Mid America") to make the purchase, which was secured by a Deed of Trust ("DOT"), which in Texas is the functional equivalent of a mortgage against real property. The DOT was assigned several times, first to Countrywide Home Loans, then to The Bank of New York Mellon. . . . Nationstar Mortgage LLC ("Nationstar") is the current loan servicer, having taken over for prior loan servicers.

In July 2012, after Plaintiff defaulted on her loan payments, a non-judicial foreclosure sale of the property took place, and the property was sold to [Bank of New York Mellon], which took title through a Substitute Trustee's Deed ("[Bank of New York Mellon] Deed"). [Bank of New York Mellon] then brought an action to evict Plaintiff. Plaintiff then sued in Texas state court for wrongful foreclosure and to stop her eviction. She brought the claims against [Bank of New York Mellon] and other entities, including Nationstar and the Harvey Law Group (outside counsel to [Bank of New York Mellon]), in a case encaptioned Harriet Nicholson v. The Bank of New York Mellon, etc., et al., Cause No.: 342-262692-12 (the "Texas Action"). Plaintiff amended her complaint multiple times and asserted sprawling claims including violations of the Texas Civil Practice &

---

[1] Because the parties have not objected to Judge Parker's factual statement, this Court adopts it in full. See Silverman v. 3D Total Solutions, Inc., No. 18 CIV. 10231 (AT), 2020 WL 1285049, at *1 n.1 (S.D.N.Y. Mar. 18, 2020) ("Because the parties have not objected to the R&R's characterization of the background facts . . . , the Court adopts the R&R's 'Background' section and takes the facts characterized therein as true."); Hafford v. Aetna Life Ins. Co., No. 16-CV-4425 (VEC)(SN), 2017 WL 4083580, at *1 (S.D.N.Y. Sept. 13, 2017) ("The parties do not object to the Magistrate Judge's . . . recitation of the facts of this case, and the Court adopts them in full."). The Court draws further background from the Texas Court of Appeals' decision in Nicholson v. Bank of New York Mellon as Tr. for Certificateholders of CWMBS, Inc., CWMBS Reforming Loan Remic Tr. Certificates Series 2005-R2 (" Nicholson I" ), No. 02-20-00379-CV, 2022 WL 963990 (Tex. App. Mar. 31, 2022).

2

> Remedies and Property Codes, negligence, and fraud by [Bank of New York Mellon], the Harvey Law Group and others. She sought, among other things, to vitiate the [Bank of New York Mellon] Deed, re-obtain quiet title to her home, preclude any eviction actions against her and to recover money damages, including for emotional distress, against various parties.
>
> After extensive litigation in Texas, which included removal to federal court and then remand to state court, Plaintiff succeeded in having the [Bank of New York Mellon] Deed vacated and she was awarded possession and costs; however, she did not succeed in obtaining quiet title or any damages. Thus, she is still on the hook for the loan. She also did not succeed in her claims against Nationstar or the Harvey Law Group, which were stricken as parties.

(R&R (Dkt. No. 83) at 1-3)

Nicholson appealed to the Texas Court of Appeals, Second Appellate District, seeking to reverse the trial court's grant of summary judgment against her as to the claims on which she had not prevailed. In a March 31, 2022 decision, the Texas Court of Appeals affirmed the grant of summary judgment. See Nicholson v. Bank of New York Mellon as Tr. for Certificateholders of CWMBS, Inc., CWMBS Reforming Loan Remic Tr. Certificates Series 2005-R2 ("Nicholson I"), No. 02-20-00379-CV, 2022 WL 963990 (Tex. App. Mar. 31, 2022). Inter alia, the Texas Court of Appeals

- held that "the trial court did not abuse its discretion" by "striking Nationstar and Harvey Law Group," which "Nicholson [had] argued were necessary and indispensable parties";

- affirmed the trial court's grant of summary judgment on Nicholson's common-law fraud claim, in which Nicholson had contended "that the [Bank of New York Mellon and other defendants in the Texas Action] had committed fraud when they represented to her that they had effectuated a valid foreclosure sale and were awarded a judgment of possession and then 'clandestinely executed, filed, and recorded' a notice contending that the lien and underlying debt had been reinstated and 'repeatedly t[old her] wrong and inconsistent information to coerce her to start repaying the loan'"; and

- affirmed the trial court's grant of summary judgment on Nicholson's claim pursuant to Section 12.002(a) of the Texas Civil Practice and Remedies Code, in which Nicholson had contended "that Nationstar (who was not in the case at this point) as [Bank of New York Mellon's] agent had presented a document with knowledge that it was fraudulent, had intended the fraudulent document to be given legal effect, and

3

had intended to cause her physical or financial injury or mental anguish," – i.e., that "Nationstar, as Countrywide's attorney-in-fact, had executed an assignment of the original deed of trust from Countrywide to [Bank of New York Mellon] and that doing so amounted to a fraudulent claim on her property."

Id. *7-8, 11, *13-14 (quoting Nicholson's summary judgment brief).[2]

Nicholson subsequently filed (1) a motion for en banc reconsideration; (2) a motion for rehearing; and (3) a "motion to set aside" the Texas Court of Appeals' decision. The Texas Court of Appeals denied those motions in orders issued on April 7, April 14, and April 18,

---

[2] Section 12.002(a) of the Texas Civil Practice and Remedies Code provides that

> [a] person may not make, present, or use a document or other record with:
>
> **(1)** knowledge that the document or other record is a fraudulent court record or a fraudulent lien or claim against real or personal property or an interest in real or personal property;
>
> **(2)** intent that the document or other record be given the same legal effect as a court record or document of a court created by or established under the constitution or laws of this state or the United States or another entity listed in Section 37.01, Penal Code, evidencing a valid lien or claim against real or personal property or an interest in real or personal property; and
>
> **(3)** intent to cause another person to suffer:
>
>> **(A)** physical injury;
>>
>> **(B)** financial injury; or
>>
>> **(C)** mental anguish or emotional distress.

Tex. Civ. Prac. & Rem. Code § 12.002(a).

2022, respectively. The Texas Court of Appeals' mandate was issued on June 30, 2022.[3] (Texas Court of Appeals Docket Sheet (Dkt. No. 84) at 5-6)[4]

## II.  PROCEDURAL HISTORY

The Complaint was filed on April 18, 2022; the Amended Complaint was filed on May 25, 2022; and the SAC was filed on May 27, 2022. (Dkt. Nos. 1, 30, 35) The SAC generally complains that (1) the Bank of New York Mellon's and Nationstar's loan documents are "fraudulent," such that referring to them in litigation is a "fraud on the court"; and (2) the Texas trial judge's ruling striking Nationstar and the Harvey Law Group as parties was also a "fraud on the court."

Defendant moved to dismiss the SAC on June 22, 2022, and Plaintiff moved for leave to file a Third Amended Complaint on June 27, 2022. (Dkt. Nos. 53, 59)[5]

In its motion to dismiss, Defendant argues that

> [b]ecause Plaintiff's claims were already decided in the Texas Action that went to judgment, the preclusion doctrines of res judicata and collateral estoppel both apply to bar reassertion of the same or substantially similar claims here.
>
> . . . .
>
> Both res judicata and collateral estoppel act as a bar to Plaintiff's claims in this case and require their dismissal. It is not in dispute – indeed, Plaintiff even pleads – that the Texas Action between . . . Defendant [and her] was adjudicated to a

---

[3] "The [Texas Court of Appeals'] mandate is official notice of the action of the appellate court, directed to the court below, advising it of the action of the appellate court and directing it to have its judgment duly recognized, obeyed, and executed." In re Marriage of Grossnickle, 115 S.W.3d 238, 243 (Tex. App. 2003) (quotation omitted).

[4] The page numbers of documents referenced in this opinion correspond to the page numbers designated by this District's Electronic Case Files ("ECF") system.

[5] On June 16, 2022, Plaintiff moved for leave to file a Third Amended Complaint, but she withdrew that motion the next day. (Dkt. Nos. 49, 51) Plaintiff also filed a motion for partial summary judgment on June 13, 2022 (Dkt. No. 42), and a letter requesting a status conference on August 3, 2022. (Dkt. No. 102) As stated below, both of these motions will be denied as moot.

5

> final judgment. Nor is it in dispute that the same issues and subject matter were at play in the Texas Action, as that is exactly what Plaintiff seeks relitigation of in this case. However, because the Texas Action previously went to judgment, Plaintiff may not bring further claims related to what was at issue therein – the validity of the prior foreclosure sale of the Property and any damage Plaintiff claims as a result – in this lawsuit.
>
> Most significantly, collateral estoppel would bar relitigation of the very issues decided in the Texas Action that Plaintiff seeks to relitigate here: (i) the striking of Nationstar and [the Harvey Law Group] as party-defendants to the action; (ii) Plaintiff's claims of fraud committed by [the Harvey Law Group]; and (iii) the validity of the original and amended final judgments as they pertained to the dismissal of Plaintiff's claims, with prejudice. What Plaintiff seeks to relitigate related to those issues was "fully and fairly litigated" against her in the Texas Action, as the case was actively litigated for many years including the filing of numerous motions throughout and the conducting of a hearing before the final disposition. And each of Plaintiff's claims for declaratory relief in this case relates to an issue that was part and parcel of the final judgment issued in the Texas Action.
>
> Because of the identity of adversarial parties between the two actions, identity of issues to be decided, and the undisputed entry of a final judgment that remains operative, Plaintiff's claims in this action are all barred by res judicata and collateral estoppel.

(Def. Br. (Dkt. No. 55) at 26-28 (citations omitted))

On November 3, 2022, this Court referred Defendant's motion to dismiss and Plaintiff's motion for leave to amend to Judge Parker for an R&R. (Dkt. No. 79)

In a November 7, 2022 R&R, Judge Parker recommends that Defendant's motion to dismiss be granted, and that leave to amend be denied. (Dkt. No. 83) Judge Parker concludes that res judicata precludes Plaintiff's claims:

> In this case, the Texas Action against [Bank of New York Mellon] was adjudicated on the merits and involved substantially the same facts and allegations as alleged in this case. Further, the Texas court was a court of competent jurisdiction to resolve the claims surrounding the foreclosure on Plaintiff's home. Finally, Plaintiff and [Bank of New York Mellon] were both parties to the Texas Action. Thus, res judicata bars Plaintiff's claims as stated in the SAC and the proposed [Third Amended Complaint]. Indeed, a comparison of the allegations in this action to the arguments raised in the Texas Action leaves no doubt that Plaintiff seeks to relitigate matters that were or could have been raised in the Texas Action and that she has turned to this Court only because she has

6

> been barred from continuing to relitigate claims she lost in Texas due to being deemed a vexatious litigant. Insofar as the doctrine of res judicat[a] seeks to "bring an end to litigation [and] prevent vexatious litigation," among other goals, its application here is manifest.

(R&R (Dkt. No. 83) at 16-17 (quoting Citizens Ins. Co. of Am. v. Daccach, 217 S.W.3d 430, 449 (Tex. 2007); and citing Searcy v. CitiMortgage, Inc., 2019 WL 935587, at *5-8 (N.D. Tex. Feb. 26, 2019); Mason v. Wells Fargo Bank, N.A., 2016 WL 7664305, at *3 (E.D. Tex. Dec. 13, 2016), report and recommendation adopted, 2017 WL 67943 (E.D. Tex. Jan. 6, 2017); Wade v. Household Fin. Corp. III, 2016 WL 540814, at *3 (W.D. Tex. Feb. 9, 2016); Millard v. Bank of N.Y. Mellon Tr. Co., 2013 WL 12120415, at *2-4 (W.D. Tex. Jan. 30, 2013)))

Plaintiff filed timely objections to the R&R. (Dkt. Nos. 84, 87-89)

## DISCUSSION

### I. DEFENDANT'S MOTION TO DISMISS

#### A. Legal Standards

##### 1. Review of a Magistrate Judge's Report and Recommendation

A district court reviewing a magistrate judge's report and recommendation "may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge." 28 U.S.C. § 636(b)(1)(C). "'The district judge evaluating a magistrate judge's recommendation may adopt those portions of the recommendation, without further review, where no specific objection is made, as long as they are not clearly erroneous.'" Gilmore v. Comm'r of Soc. Sec., No. 09-CV-6241 (RMB)(FM), 2011 WL 611826, at *1 (S.D.N.Y. Feb. 18, 2011) (quoting Chimarev v. TD Waterhouse Investor Servs., Inc., 280 F. Supp. 2d 208, 212 (S.D.N.Y. 2003)). A decision is "clearly erroneous" when, "upon review of the entire record, [the court is] left with the definite and firm conviction that a mistake has been

7

committed." United States v. Snow, 462 F.3d 55, 72 (2d Cir. 2006) (quotation marks and citation omitted).

Where a timely objection has been made to a magistrate judge's recommendation, the district judge "shall make a de novo determination of those portions of the report or specified proposed findings or recommendations to which objection is made." 28 U.S.C. § 636(b)(1)(C). However, "[o]bjections that are 'merely perfunctory responses argued in an attempt to engage the district court in a rehashing of the same arguments set forth in the original [papers] will not suffice to invoke de novo review.'" Phillips v. Reed Grp., Ltd., 955 F. Supp. 2d 201, 211 (S.D.N.Y. 2013) (second alteration in original) (quoting Vega v. Artuz, No. 97-CV-3775 (LTS)(JCF), 2002 WL 31174466, at *1 (S.D.N.Y. Sept. 30, 2002)). "To the extent . . . that the party . . . simply reiterates the original arguments, [courts] will review the Report strictly for clear error." IndyMac Bank, F.S.B. v. Nat'l Settlement Agency, Inc., No. 07-CV-6865 (LTS)(GWG), 2008 WL 4810043, at *1 (S.D.N.Y. Nov. 3, 2008) (citations omitted); see also Ortiz v. Barkley, 558 F. Supp. 2d 444, 451 (S.D.N.Y. 2008) ("Reviewing courts should review a report and recommendation for clear error where objections are merely perfunctory responses, . . . rehashing . . . the same arguments set forth in the original petition." (quotation marks and citations omitted)).

"Courts generally do not consider new evidence raised in objections to a magistrate judge's report and recommendation." Tavares v. City of New York, No. 08-CV-3782 (PAE), 2011 WL 5877548, at *2 (S.D.N.Y. Nov. 23, 2011) (citation omitted). "The submission of new evidence following [a magistrate judge's R&R] is merited only in rare cases, where the party objecting . . . has offered a most compelling reason for the late production of such evidence, or a compelling justification for [the] failure to present such evidence to the magistrate

8

judge." Fischer v. Forrest, 286 F. Supp. 3d 590, 603 (S.D.N.Y. 2018), aff'd, 968 F.3d 216 (2d Cir. 2020) (quotation marks and citations omitted). Similarly, courts do not consider "'new arguments raised in objections to a magistrate judge's report and recommendation that could have been raised before the magistrate but were not.'" United States v. Gladden, 394 F. Supp. 3d 465, 480 (S.D.N.Y. 2019) (quoting Hubbard v. Kelley, 752 F. Supp. 2d 311, 313 (W.D.N.Y. 2009)).

### 2. Rule 12(b)(6) Motion to Dismiss

"To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (quoting Bell Atl. Corp. v. Twombly, 550 U.S. 544, 570 (2007)). "In considering a motion to dismiss . . . the court is to accept as true all facts alleged in the complaint," Kassner v. 2nd Ave. Delicatessen Inc., 496 F.3d 229, 237 (2d Cir. 2007) (citing Dougherty v. Town of N. Hempstead Bd. of Zoning Appeals, 282 F.3d 83, 87 (2d Cir. 2002)), and must "draw all reasonable inferences in favor of the plaintiff." Id. (citing Fernandez v. Chertoff, 471 F.3d 45, 51 (2d Cir. 2006)).

A complaint is inadequately pled "if it tenders 'naked assertion[s]' devoid of 'further factual enhancement,'" Iqbal, 556 U.S. at 678 (quoting Twombly, 550 U.S. at 557), and does not provide factual allegations sufficient "to give the defendant fair notice of what the claim is and the grounds upon which it rests." Port Dock & Stone Corp. v. Oldcastle Northeast Inc., 507 F.3d 117, 121 (2d Cir. 2007) (citing Twombly, 550 U.S. at 555). "Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice [to establish entitlement to relief]." Iqbal, 556 U.S. at 678.

"In considering a motion to dismiss for failure to state a claim pursuant to Rule 12(b)(6), a district court may consider the facts alleged in the complaint, documents attached to

9

the complaint as exhibits, and documents incorporated by reference in the complaint." DiFolco v. MSNBC Cable L.L.C., 622 F.3d 104, 111 (2d Cir. 2010) (citing Chambers v. Time Warner, Inc., 282 F.3d 147, 153 (2d Cir. 2002); Hayden v. Cty. of Nassau, 180 F.3d 42, 54 (2d Cir. 1999)). Additionally, "[w]here a document is not incorporated by reference, the court may never[the]less consider it where the complaint 'relies heavily upon its terms and effect,' thereby rendering the document 'integral' to the complaint." Id. (quoting Mangiafico v. Blumenthal, 471 F.3d 391, 398 (2d Cir. 2006)).

Where a motion to dismiss is directed at a pro se complaint, the complaint must be "interpret[ed] . . . to raise the 'strongest [claims] that [it] suggest[s].'" Hill v. Curcione, 657 F.3d 116, 122 (2d Cir. 2011) (quoting Triestman v. Fed. Bureau of Prisons, 470 F.3d 471, 474 (2d Cir. 2006) (per curiam)); see Weixel v. Bd. of Educ. of City of New York, 287 F.3d 138, 145-46 (2d Cir. 2002) ("When considering motions to dismiss a pro se complaint such as this, 'courts must construe [the complaint] broadly. . . .'" (quoting Cruz v. Gomez, 202 F.3d 593, 597 (2d Cir. 2000))). "[A]lthough pro se filings are read liberally and must be interpreted 'to raise the strongest arguments that they suggest,' a pro se complaint must still 'plead sufficient facts to state a claim to relief that is plausible on its face.'" Wilder v. U.S. Dep't of Veterans Affairs, 175 F. Supp. 3d 82, 87 (S.D.N.Y. 2016) (internal citations omitted). Moreover, "the court need not accept as true 'conclusions of law or unwarranted deductions of fact,'" Whitfield v. O'Connell, 9 Civ. 1925 (WHP), 2010 WL 1010060, at *4 (S.D.N.Y. Mar. 18, 2010) (quoting First Nationwide Bank v. Gelt Funding Corp., 27 F.3d 763, 771 (2d Cir. 1994)), and "'[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice,'" even for purposes of a pro se complaint. Harris v. Mills, 572 F.3d 66, 72 (2d Cir. 2009) (quoting Iqbal, 556 U.S. at 678)).

B.   **Plaintiff's Objections to the R&R**

Plaintiff objects to Judge Parker's conclusion that Plaintiff's claims are barred by res judicata, stating that

> [t]he Texas State Court judgment is void for fraud on the court; lacked jurisdiction for want of indispensable parties; extrinsic fraud by judges and attorneys: deprivation of Nicholson's due process rights to fully and fairly litigate her claims, and fabrication of evidence by [Bank of New York Mellon's] counsel that resulted in inequitable relief to [Bank of New York Mellon].

(Pltf. Objs. (Dkt. No. 87) at 18)  In making these objections, Plaintiff repeats verbatim the arguments she made in her opposition brief regarding res judicata. (Pltf. Opp. (Dkt. No. 60) at 23)

C.   **Res Judicata and Collateral Estoppel**

Under the doctrine of res judicata, "a final judgment on the merits of an action precludes the parties or their privies from relitigating issues that were or could have been raised in that action." Allen v. McCurry, 449 U.S. 90, 94 (1980).  And "[u]nder the doctrine of collateral estoppel, 'when an issue of ultimate fact has once been determined by a valid and final judgment, that issue cannot again be litigated between the same parties in any future lawsuit.'" United States v. U.S. Currency in Amount of $119,984.00, More or Less, 304 F.3d 165, 172 (2d Cir. 2002) (quoting Schiro v. Farley, 510 U.S. 222, 232 (1994)).  "It is well settled that a court may dismiss a claim on res judicata or collateral estoppel grounds on a Rule 12(b)(6) motion." Sassower v. Abrams, 833 F. Supp. 253, 264 n.17 (S.D.N.Y. 1993) (citing, inter alia, Salahuddin v. Jones, 992 F.2d 447, 449 (2d Cir. 1993)); see Conopco, Inc. v. Roll Int'l, 231 F.3d 82, 86 (2d Cir. 2000) ("Dismissal under Fed. R. Civ. P. 12(b)(6) is appropriate when a defendant raises claim preclusion or . . . statutory waiver and bar as an affirmative defense and it is clear from the face of the complaint, and matters of which the court may take judicial notice, that the plaintiff's claims are barred as a matter of law.").

11

28 U.S.C. § 1738 "requires federal courts to give the same preclusive effect to state court judgments that those judgments would be given in the courts of the State from which the judgments emerged." Kremer v. Chemical Const. Corp., 456 U.S. 461, 466 (1982). Accordingly, Texas law governs the preclusive effect here of the Texas action. See Migra v. Warren City Sch. Dist. Bd. of Educ., 465 U.S. 75, 81 (1984) ("A federal court must give to a state-court judgment the same preclusive effect as would be given that judgment under the law of the State in which the judgment was rendered.").

Under Texas law, "[t]he elements of res judicata are: '(1) a prior final judgment on the merits by a court of competent jurisdiction; (2) identity of parties or those in privity with them; and (3) a second action based on the same claims that were raised or could have been raised in the first action.'" Eagle Oil & Gas Co. v. TRO-X, L.P., 619 S.W.3d 699, 705-06 (Tex. 2021) (quoting Daccach, 217 S.W.3d at 449). And in Texas, "[a] party seeking to assert the bar of collateral estoppel must establish that (1) the facts sought to be litigated in the second action were fully and fairly litigated in the first action; (2) those facts were essential to the judgment in the first action; and (3) the parties were cast as adversaries in the first action." Sysco Food Servs., Inc. v. Trapnell, 890 S.W.2d 796, 801 (Tex. 1994).

If there has been a judgment on the merits at the Texas trial court level, then "[e]ven if an appeal of a judgment is pending, the action has been adjudicated" for purposes of res judicata or collateral estoppel. In re Lombana, 542 S.W.3d 699, 702 (Tex. App. 2017) (citing Scurlock Oil Co. v. Smithwick, 724 S.W.2d 1, 6 (Tex. 1986) ("[A] judgment is final for the purposes of issue and claim preclusion despite the taking of an appeal unless what is called an appeal actually consists of a trial de novo.") (further quotation omitted)); see Gonzalez v.

Guilbot, 315 S.W.3d 533, 536 n.3 (Tex. 2010) ("[A] trial court's judgment is final for purposes of res judicata or collateral estoppel even while the case is on appeal.").

    **D.**    **Analysis**

In the instant action, Nicholson is attempting to relitigate her claims in the Texas action – in which both she and Defendant were parties – and which culminated in a final judgment on the merits that was affirmed by the Texas Court of Appeals. Plaintiff merely restates the same claims she made in the Texas action regarding (1) fraud with respect to loan documents, and (2) procedural error by the Texas trial court with respect to indispensable parties. While Plaintiff repackages her claims, alleging that the instant case is an "independent equitable action" premised on a "fraud on the [Texas] court," the Texas courts – after extensive litigation – conclusively resolved these same issues against Plaintiff. As a result, Plaintiff's claims in the instant action are barred by res judicata and collateral estoppel.

Plaintiff's objections do not demonstrate that Judge Parker made any error in concluding that Plaintiff's claims are barred by res judicata. Under Texas law, a losing litigant cannot evade the preclusive effect of a judgment in a subsequent suit between the same parties by claiming that the prior court was without jurisdiction because it failed to join an indispensable party. See Dukes v. Migura, 758 S.W.2d 831, 833 (Tex. App. 1988) ("[U]nder current Rule 39 [of the Texas Rules of Civil Procedure, regarding 'Joinder of Persons Needed for Just Adjudication'], the failure to join 'necessary' or even 'indispensable' parties does not render a judgment void and therefore totally unenforceable. It is enforceable between the parties which were before the court and is res judicata [as] to them."), rev'd on other grounds, 770 S.W.2d 568 (Tex. 1989) (ruling that Texas Court of Appeals erred in concluding that a devisee under a will is an indispensable party in a suit to establish a lien against real property of the decedent's estate); Rosas v. Chih Ting Wang, No. 05-18-01013-CV, 2019 WL 3986301, at *6 (Tex. App. Aug. 23,

13

2019) (rejecting argument that there were "indispensable parties whose absence as defendants precluded the [trial] court from hearing the case and rendering judgment"; stating that "'[a] failure to join "indispensable" parties does not render a judgment void; there could rarely exist a party who is so indispensable that his absence would deprive the court of jurisdiction to adjudicate between the parties who are before the court'") (quoting Browning v. Placke, 698 S.W.2d 362, 363 (Tex. 1985) (per curiam)); Cooper v. Texas Gulf Indus., Inc., 513 S.W.2d 200, 204 (Tex. 1974) ("Under the provisions of our present Rule 39, it would be rare indeed if there were a person whose presence was so indispensable in the sense that his absence deprives the court of jurisdiction to adjudicate between the parties already joined."). And here, of course, Plaintiff appealed the trial court's decision regarding indispensable parties to the Texas Court of Appeals, which affirmed the trial court. See Nicholson I, 2022 WL 963990, at *7-8.

    Moreover, the Texas courts considered Plaintiff's fraud claim and rejected it on the merits. Plaintiff cannot evade the preclusive effect of the Texas action merely by repackaging those same factual allegations as a "fraud on the court." See Green v. Buckley Madole, P.C., No. 3:14-CV-3742-N-BN, 2015 WL 1505703, at *5 (N.D. Tex. Mar. 30, 2015) ("Plaintiff [borrower] could only prevail in her proposed fraud on the court claim by showing that the [prior] court erred in its judgment, and, even if the claim were not barred by claim preclusion, the issue of whether [defendant bank] has authority to foreclose on the Property would appear to be the same on this proposed claim as it was in [the prior litigation], giving rise to issue preclusion. Consequently, permitting Plaintiff to amend to add her proposed 'fraud on the court' claim in this action would be futile where the claim would be barred by res judicata because it merely seeks to re-litigate [defendant bank's] authority to foreclose on the Property.").

14

In sum, Judge Parker committed no error in concluding that Plaintiff's claims are barred by res judicata. Indeed, Plaintiff's claims are likewise barred by collateral estoppel. Accordingly, this Court will adopt the R&R's recommendation that Defendant's motion to dismiss the SAC be granted on the basis of preclusion.[6]

## II. LEAVE TO AMEND

District courts "'ha[ve] broad discretion in determining whether to grant leave to amend,'" United States ex rel. Ladas v. Exelis, Inc., 824 F.3d 16, 28 (2d Cir. 2016) (quoting

---

[6] Judge Parker also finds that the SAC should be dismissed under Fed. R. Civ. P. 12(b)(1), because this Court lacks subject matter jurisdiction to hear Plaintiff's claims under the Rooker-Feldman doctrine. (R&R (Dkt. No. 83) at 10-15) "The Rooker-Feldman doctrine provides that, in most circumstances, the lower federal courts do not have subject matter jurisdiction to review final judgments of state courts." Morrison v. City of New York, 591 F.3d 109, 112 (2d Cir. 2010). Rooker-Feldman applies to federal actions "brought by state-court losers complaining of injuries caused by state-court judgments rendered before the district court proceedings commenced and inviting district court review and rejection of those judgments." Exxon Mobil Corp. v. Saudi Basic Indus. Corp., 544 U.S. 280, 284 (2005).

After the R&R was issued, however, the Second Circuit held in Hunter v. McMahon, 75 F.4th 62 (2d Cir. 2023) that "[w]hen an appeal remains pending in state court, the state proceedings have not ended and Rooker-Feldman does not apply." Id. at 65. Hunter and Exxon Mobil also make clear that the determination as to whether state proceedings have ended is made when the federal complaint is filed. See id. ("Because Hunter filed her federal suit before the state proceedings were over, Rooker-Feldman did not deprive the district court of jurisdiction."); Exxon Mobil, 544 U.S. at 282 ("[N]either Rooker nor Feldman supports the notion that properly invoked concurrent jurisdiction vanishes if a state court reaches judgment on the same or a related question while the case remains sub judice in a federal court. Disposition of the federal action, once the state-court adjudication is complete, would be governed by preclusion law.").

Here, as discussed above, (1) Plaintiff filed the instant action on April 18, 2022; (2) that same day, the Texas Court of Appeals issued its order denying Plaintiff's "motion to set aside" its March 31, 2022 decision affirming the trial court order granting Defendant summary judgment; and (3) the Texas Court of Appeals' mandate was issued on June 30, 2022. (Texas Court of Appeals Docket Sheet (Dkt. No. 84) at 5-6) It is not clear from the record whether the April 18, 2022 Complaint was filed before or after the Texas Court of Appeals issued its April 18, 2022 order denying Plaintiff's "motion to set aside." Moreover, the parties have not briefed the issue of whether Plaintiff's appeal "remain[ed] pending" until the Texas Court of Appeals' mandate was issued. Accordingly, this Court does not reach the issue of whether the Rooker-Feldman doctrine applies.

15

Gurary v. Winehouse, 235 F.3d 792, 801 (2d Cir. 2000)), and leave to amend should generally be "freely give[n] . . . when justice so requires." Fed. R. Civ. P. 15(a)(2). A court may properly deny leave to amend, however, in cases of "'undue delay, bad faith or dilatory motive on the part of the movant, repeated failure to cure deficiencies by amendments previously allowed, undue prejudice to the opposing party by virtue of the allowance of the amendment, futility of amendment, etc.'" Ruotolo v. City of New York, 514 F.3d 184, 191 (2d Cir. 2008) (quoting Foman v. Davis, 371 U.S. 178, 182 (1962)); see also Murdaugh v. City of New York, No. 10 Civ. 7218 (HB), 2011 WL 1991450, at *2 (S.D.N.Y. May 19, 2011) ("Although under Rule 15(a) of the Federal Rules of Civil Procedure leave to amend complaints should be 'freely given,' leave to amend need not be granted where the proposed amendment is futile.").

Leave to amend may be denied on the basis of futility where a plaintiff has "presented no basis for the district court to believe [that she] could allege facts withstanding a 12(b)(6) motion." Sprague v. Salisbury Bank & Tr. Co., 969 F.3d 95, 101 (2d Cir. 2020) (quotation omitted). And "[c]ourts in this Circuit have frequently found amendments to be futile where a case is dismissed pursuant to . . . preclusion doctrines." White v. White, No. 12 CIV. 200 GBD JLC, 2013 WL 1340145, at *3 (S.D.N.Y. Mar. 28, 2013) (listing cases), aff'd, 556 F. App'x 10 (2d Cir. 2014); see Sinicropi v. Nassau Cnty., 601 F.2d 60, 62 (2d Cir. 1979) (holding that any error in denying leave to amend was harmless because the proposed "claim would have raised the same issues that have already been decided in state court," and therefore "would also be barred by res judicata").

Judge Parker "recommend[s] that this action be dismissed with prejudice, as Plaintiff has had multiple opportunities to amend her complaint and a generous reading of the complaint does not indicate a possible basis to save jurisdiction or state a claim." (R&R (Dkt.

No. 83) at 18) Because Plaintiff's claims are precluded by res judicata and collateral estoppel, any amendment would be futile. Accordingly, leave to amend will be denied.

## CONCLUSION

The R&R is adopted in part as set forth above. Defendant's motion to dismiss is granted, and Plaintiff's motion for leave to amend is denied. Plaintiff's motion for partial summary judgment (Dkt. No. 42) and motion to set a status conference (Dkt. No. 102) are denied as moot. The Clerk of Court is directed to terminate the motions (Dkt. Nos. 42, 53, 59, 102), and to close this case.

Dated: New York, New York
      August 28, 2023

SO ORDERED.

_____
Paul G. Gardephe
United States District Judge