UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

HARRIET NICHOLSON,

                Plaintiff,

- against -

THE BANK OF NEW YORK MELLON,
f/k/a THE BANK
OF NEW YORK, Trustee for the
Certificate Holders of CWMBS, Inc.,
CWMBS
Reforming Loan Remic Trust Certificates
Series 2005-R2,

                Defendant.

**ORDER**

22 Civ. 3177 (PGG) (KHP)

PAUL G. GARDEPHE, U.S.D.J.:

        In this action, pro se Plaintiff Harriet Nicholson seeks to "set aside a void Texas state court judgment" regarding a home loan dispute with Defendant Bank of New York Mellon. (Second Am. Cmplt. ("SAC") (Dkt. No. 35) at p. 1)  In an August 28, 2023 Order, this Court granted Defendant's motion to dismiss and denied leave to amend, finding that Plaintiff's claims are precluded by res judicata and collateral estoppel. (Dkt. No. 105)  The Clerk of Court entered judgment in favor of Defendant on January 17, 2024. (Dkt. No. 116)

        On September 8 and September 10, 2023, Plaintiff moved for relief under Rule 60(b) of the Federal Rules of Civil Procedure, arguing that res judicata and collateral estoppel do not bar her claims. (Dkt. Nos. 106-107)  This Court denied those motions in a September 11, 2023 Order:

> In her new submissions, Plaintiff merely rehashes arguments she made in the Second Amended Complaint, in her opposition to the motion to dismiss, and in her objections to Judge Parker's Report and Recommendation ("R&R").  Indeed, she made substantially the same arguments in the underlying Texas state action. (See Aug. 28, 2023 Order (Dkt. No. 105) at 1-4, 11 (summarizing the Second

> Amended Complaint, the arguments made in the Texas action, the briefing on the motion to dismiss, and Plaintiff's objections to the R&R)) This Court – like the Texas courts – has already rejected these arguments. (See id. at 13-15)

(Sept. 11, 2023 Order (Dkt. No. 108) at 1-2)

On November 8, 2023, Plaintiff filed another Rule 60(b) motion, arguing that this Court lacks subject matter jurisdiction. (Dkt. No. 110) This Court denied that motion in a November 10, 2023 Order. (Dkt. No 112)

Since the Court's November 10, 2023 Order, Plaintiff has filed several additional motions requesting relief pursuant to Rules 59 and 60 of the Federal Rules of Civil Procedure.

On January 25 and January 28, 2024, Plaintiff filed a "Motion for Relief From Judgment Pursuant [to] FRCP 60(b)(3), 60(b)(6), 60(d)(3), and violation of New York Judiciary Law § 487" and an "Amended" version of that motion. (Dkt. Nos. 117-118) In these filings, Plaintiff contends that this Court's August 28, 2023 Order and the January 17, 2024 judgment should be set aside because defense counsel made a "material misrepresentation" to the Court in arguing that "Plaintiff's post-foreclosure 'fraud on the court' claim is precluded by res judicata and collateral estoppel because the fraud claim was fully and fairly litigated in the Texas action." (Pltf. Amended Rule 60 Mot. (Dkt. No. 118) at 1) Plaintiff also seeks leave to "amend her complaint to add a claim for violation of § 487 Misconduct by attorneys, NY JUD § 487 against Brian P. Scibetta and McCalla Raymer Leibert Pierce, LLC" in connection with the alleged misrepresentation. (Id. at 6)

Defendant filed its opposition to Plaintiffs' motions on February 7, 2024. (Dtk. No. 120)

On February 9 and February 10, 2024, Plaintiff filed a "Motion to Alter or Amend Judgment" pursuant to Federal Rules of Civil Procedure 59(e) and 60(b) and a "Supplement" to

that motion. (Dkt. Nos. 123-24)[1] In these filings, Plaintiff again argues that this Court erred in ruling that her claims are barred by res judicata and collateral estoppel. According to Plaintiff, at this Court "overlooked factual allegations, Defendant's evidence, and controlling law." (Pltf Rule 59(e) & Rule 60(b) Mot. (Dkt. No. 123) at 15)

As with Plaintiff's previous Rule 60 motions (see Dkt. Nos. 106-07, 117-18), her new submissions (Dkt. Nos. 117-18, 123-24, 126) merely rehash or repackage arguments made at earlier stages of this case. For example, Plaintiff repeats her argument that defense counsel made a "material misrepresentation" to the Court in arguing that her "fraud on the court" claim was barred by res judicata and collateral estoppel. (Pltf. Amended Rule 60 Mot. (Dkt. No. 118) at 1) This Court has previously ruled, however, that "the Texas courts considered Plaintiff's fraud claim and rejected it on the merits," and that "Plaintiff cannot evade the preclusive effect of the Texas action merely by repackaging those same allegations as a 'fraud on the court.'" (Aug. 28, 2023 Order (Dkt. No. 105) at 14)

As to Plaintiff's Rule 59(e) and Rule 60(b) motions filed on February 9, 2024 and supplemented on February 10, 2024 and February 20, 2024 (Dkt. Nos. 123-24, 126-27), Plaintiff again repeats arguments rejected in the underlying Texas state court action (see Aug. 28, 2023 Order (Dkt. No. 105) at 1-4) as well as by this Court. (See id. at 13-15) To the extent that Plaintiff cites new legal authority in support of her motions, that new authority does not justify a different outcome.

"A Rule 60(b) motion is properly denied where it seeks only to relitigate issues already decided." Shukla, Plaintiff, v. Deloitte Consulting LLP, Defendant., No. 19-CV-10578

---

[1] Plaintiff has also sought "permission to file supplemental authorities" in support of her February 20, 2024 Rule 59(e) motion. (Dkt. Nos. 126-27)

3

(AJN), 2021 WL 2660438, at *2 (S.D.N.Y. June 29, 2021) (quotation omitted). And "relief under Rule 59(e) must be treated as an extraordinary remedy to be employed sparingly in the interests of finality and conservation of scarce judicial resources." United States v. Sierra-Naranjo, No. 78-CR-046 (JPO), 2019 WL 1785417, at *2 (S.D.N.Y. Apr. 24, 2019) (quotations omitted) Moreover, "[a] court should deny [a Rule 59(e) motion] where the moving party is solely attempting to relitigate an issue that already has been decided." Id. (quotations omitted).

In sum, there is no basis for granting Plaintiff relief under Rules 59 and 60. While the Court has considered Plaintiff's supplemental legal authority, her motions are otherwise denied. The Clerk of Court is directed to terminate the motions (Dkt. Nos. 117-18, 123-24, 126-27).

Dated: New York, New York
February 21, 2024

SO ORDERED.

_/s/ Paul G. Gardephe_
Paul G. Gardephe
United States District Judge

4