UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

Harriet Nicholson,
Plaintiff                              Civil Action:1:22-cv-3177
v.
Bank of New York,          MOTION FOR RECONSIDERATION
Defendant.

To the Court:

Plaintiff, Harriet Nicholson, respectfully submits this Motion for Reconsideration and urges this Honorable Court to review the following compelling facts and legal arguments:

On February 21, 2024, the court denied Plaintiff's Motion to Alter or Amend Judgment. Plaintiff files her timely Motion for Reconsideration pursuant to Local Rule 6.3.

Contrary to the court's interpretation, Ms. Nicholson's pursuit was not an attempt to relitigate fraud claims but rather an independent equitable action under Rule 60 and the fraud on the court doctrine. This action was aimed at rectifying a manifest injustice perpetuated in the prior Texas action, ensuring that the *"Amended Final Judgment"* truly reflected the court's decision. Ms. Nicholson firmly believes that the circumstances surrounding the Texas action necessitated equitable intervention to prevent further injustice. The principles outlined in *Leber-Krebs, Inc. v. Capitol Recs.* and *Hazel-Atlas Glass Co. v. Hartford-Empire Co.* underscore the flexibility of the *"fraud on the court"* doctrine to address new situations demanding equitable remedies and correction of injustices. See Leber-Krebs, Inc. v. Capitol Recs., 779 F.2d 895, 900 (2d Cir. 1985) citing  Hazel-Atlas Glass Co. v. Hartford-Empire Co., 322 U.S. 238, 249-50, 64 S.Ct. 997, 1002-03, 88 L.Ed. 1250 (1944), (Hazel-Atlas deliberately did not define the metes and bounds of this "fraud on the court" doctrine, but it did make clear that it has always been "characterized by flexibility which enables it to meet new situations which demand equitable intervention, and to

accord all the relief necessary to correct the particular injustices involved in these situations." Id. at 248, 64 S.Ct. at 1002.)

Despite explicit exchanges during the Texas action indicating that Ms. Nicholson should be recognized as the titleholder, and assurances from counsel to draft a judgment reflecting this, the subsequent *"Amended Final Judgment"* failed to align with the court's prior declarations. This discrepancy highlights a critical oversight that must be rectified to uphold the integrity of the judicial process.

On August 18, 2017, the following exchanges took place in the Texas action.

THE COURT: So what the judgment should reflect is that she's back to being titleholder… (Dkt. 61-1 Page 163, lines 5-6)

MR. DANNER: Yes, sir. I will draft that judgment. I will provide a copy to the plaintiff, and I'll make sure that there's a provision for costs being awarded and making sure that there's a single document that can be recorded to put title back into the plaintiff. (Dkt 61-1, 165, lines 14-18).

Notably, on August 11, 2022, Judge Katharine Parker aptly recognized the necessity of acknowledging Ms. Nicholson's title during open court proceedings. Judge Parker's acknowledgment underscores the potential error in failing to address quiet title issues arising from the Texas Court's proceedings, further emphasizing the need for equitable intervention stated in relevant part:

THE COURT:  Okay, so Ms. Nicholson, I think, let me just translate. Mr. Scibetta, what I'm understanding is there's a problem with the title because, because although the deed that Nationstar or you had was, even though it was voided, there also had to be a return or a recognition of quiet title for Ms. Nicholson. So there's an impediment because of what transpired in Texas Court. And it's quite possible because of all of the proceedings and the back and forth that the judge might have gotten it wrong about or made an error in not doing the quiet title and sometimes if there's a lot of filings and so forth, that could have been an issue.

Plaintiff Ms. Nicholson finds herself in a precarious position, as she lacks any other legal recourse to correct the clerical variance in the Texas' *Amended Final Judgment*. The failure to rectify this discrepancy poses a significant risk of perpetuating a grave miscarriage of justice, denying Ms. Nicholson the rightful resolution she deserves.

PRAYER

In light of these compelling circumstances, Plaintiff respectfully prays that this Honorable Court grants the Motion for Reconsideration and reconsiders Plaintiff's Motion to Alter or Amend Judgment. Doing so is imperative to prevent a grave miscarriage of justice and ensure that Ms. Nicholson's rights are upheld in accordance with the principles of fairness and equity.

Respectfully submitted,

/s/Harriet Nicholson

**MEMO ENDORSED**: A motion for reconsideration is not "an occasion for repeating old arguments previously rejected nor an opportunity for making new arguments that could have been previously advanced[.]" Associated Press v. U.S. Dep't of Def., 395 F. Supp. 2d 17, 19 (S.D.N.Y. 2005). It is also not a way to "'advance new facts, issues or arguments not previously presented to the Court.'" Polsby v. St. Martin's Press, Inc., No. 97 Civ. 960 (MBM), 2000 WL 98057, at *1 (S.D.N.Y. Jan. 18, 2000) (quoting Morse/Diesel, Inc. v. Fid. & Deposit Co. of Maryland, 768 F. Supp. 115, 116 (S.D.N.Y. 1991)). Here, Plaintiff advances arguments identical to those rejected by several of this Court's previous orders in this case. (Dkt. Nos. 105, 108, 128) Accordingly, Plaintiff's motion for reconsideration is denied. The Clerk of Court is directed to terminate the motion at Dkt. No. 129.

SO ORDERED.

_____
Paul G. Gardephe
United States District Judge

Date: March 6, 2024