UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

HARRIET NICHOLSON,

                    Plaintiff,

        - against -

THE BANK OF NEW YORK MELLON,
f/k/a THE BANK
OF NEW YORK, Trustee for the
Certificate Holders of CWMBS, Inc.,
CWMBS
Reforming Loan Remic Trust Certificates
Series 2005-R2,

                    Defendant.

**ORDER**

22 Civ. 3177 (PGG) (KHP)

PAUL G. GARDEPHE, U.S.D.J.:

        In this action, pro se Plaintiff Harriet Nicholson seeks to "set aside a void Texas

state court judgment" regarding a home loan dispute with Defendant Bank of New York Mellon.

(Second Am. Cmplt. ("SAC") (Dkt. No. 35) at p. 1)  In an August 28, 2023 order, this Court

granted Defendant's motion to dismiss, finding that Plaintiff's claims are barred by res judicata.

(Dkt. No. 105)  In particular, this Court ruled that Plaintiff could not relitigate claims she

asserted in a Texas state court action that culminated in a final judgment on the merits – a

judgment that was affirmed by the Texas Court of Appeals.  (Id. at 13-15; see Nicholson v. Bank

of New York Mellon as Tr. for Certificateholders of CWMBS, Inc., CWMBS Reforming Loan

Remic Tr. Certificates Series 2005-R2, No. 02-20-00379-CV, 2022 WL 963990 (Tex. App.

Mar. 31, 2022))  Accordingly, this Court dismissed Plaintiff's claims and directed the Clerk of

Court to enter judgment for the Defendant and to close the case.  (Id.)  On January 17, 2024, the

Clerk of Court entered judgment in favor of Defendant.  (Dkt. No. 116)

On July 1, 2025, the U.S. Court of Appeals for the Second Circuit affirmed this Court's judgment dismissing Plaintiff's claims. Nicholson v. Bank of New York Mellon, f/k/a Bank of New York Tr. for Certificate Holders of CWMBS, Inc., CWMBS Reforming Loan Remic Tr. Certificates Series 005–R2, 24-586-cv, 2025 WL 1806058 (2d Cir. July 1, 2025) (summary order).

Despite the order and judgment dismissing Plaintiff's claims on res judicata grounds, and the Second Circuit decision affirming that determination, Plaintiff has filed a host of motions and applications seeking to, inter alia, overturn the Texas state court judgment. See Dkt. Nos. 136, 137, 149, 151, 152, 154, 159, 166, 170, 171, 173, 179, 180, 182, 183, 184, 191) For the reasons stated below, Plaintiff's outstanding motions and applications will be denied.

## I.    PROCEDURAL HISTORY

As stated above, in an August 28, 2023 order, this Court granted Defendant's motion to dismiss and denied leave to amend. (Dkt. No. 105)

On September 8 and September 10, 2023, Plaintiff sought relief under Rule 60(b) of the Federal Rules of Civil Procedure, arguing that res judicata and collateral estoppel do not bar her claims. (Dkt. Nos. 106-107) On September 11, 2023, this Court denied Plaintiff's motions, finding that they "merely rehash[] arguments she made in the Second Amended Complaint, in her opposition to the motion to dismiss, and in her objections to Judge Parker's Report and Recommendation ('R&R')," as well as "in the underlying Texas state action." (Sept. 11, 2023 Order (Dkt. No. 108) at 1-2)

On November 8, 2023, Plaintiff filed another Rule 60(b) motion, arguing that this Court lacks subject matter jurisdiction. (Dkt. No. 110) On November 10, 2023, this Court denied that motion. (Dkt. No. 112)

2

On January 25, January 28, February 9, and February 10, 2024, Plaintiff filed several motions requesting relief pursuant to Rules 59 and 60 of the Federal Rules of Civil Procedure. (See Dkt. Nos. 117-18, 123-24, 126-27) Plaintiff once again argued that this Court erred in finding her claims precluded by res judicata and collateral estoppel. (Pltf. Rule 59(e) & Rule 60(b) Mot. (Dkt. No. 123) at 15) On February 21, 2024, this Court denied these motions, finding that they "merely rehash or repackage arguments made at earlier stages of this case." (Feb. 21, 2024 Order (Dkt. No. 128) at 3)

On March 4, 2024, Plaintiff moved for reconsideration pursuant to Local Civil Rule 6.3. (Dkt. No. 129) On March 6, 2024, this Court denied Plaintiff's reconsideration motion, finding that it "advances arguments identical to those rejected by several of this Court's previous orders in this case." (Dkt. No. 130 (citing Dkt. Nos. 105, 108, 128))

On March 21, 2024, Plaintiff filed a notice of appeal (Dkt. No. 131) concerning this Court's order granting Defendant's motion to dismiss (Dkt. No. 105) and the resulting judgment in favor of Defendant. (Dkt. No. 116) On March 20, 2024, Plaintiff filed a "Request to Take Judicial Notice" of certain documents. (Dkt. No. 134) On March 29, 2024, this Court denied Plaintiff's motion to take judicial notice as moot in light of Plaintiff's pending appeal. (Dkt. No. 135)

In a July 1, 2025 summary order, the Second Circuit affirmed this Court's dismissal of Plaintiff's action "for substantially the reasons stated by the district court in its thorough and well-reasoned August 28, 2023 Order." Nicholson, 2025 WL 1806058, at *1.

## II.    POST-JUDGMENT AND POST-APPEAL MOTIONS AND APPLICATIONS

Since this Court's March 6, 2024 order denying Plaintiff's motion for reconsideration (see Dkt. No. 130), Plaintiff has filed a host of motions and applications, some of which are aimed at overturning, enjoining or otherwise frustrating actions taken in connection

with the Texas state court judgment, and others of which are directed at a Texas state court

eviction proceeding (Nationstar Mortgage LLC v. Harriet H. Nicholson and All Occupants, No.

2025-005783-1 (County Court at Law No. 1, Tarrant County, Texas)[1]:

- on March 10, 2025, Plaintiff filed (1) an "Emergency Motion for Stay of Eviction Pending Appeal and Motion to Expedite Review" (Dkt. No. 136), and (2) an "Amended Emergency Motion for Stay of Eviction Pending Appeal and Motion to Expedite Review" (Dkt. No. 137);

- on March 24, 2025, Plaintiff filed (1) a "Reply Memorandum in Support of Temporary Restraining Order" (Dkt. No. 139), and (2) a "Supplemental Reply (Dkt. Entry 139) – Emergency Relief Request" (Dkt. No. 140);

- on September 25, 2025, Plaintiff filed a "Supplemental Notice of Jurisdictional Conflict and Request for Judicial Notice" (Dkt. No. 143);

- on October 8, 2025, Plaintiff filed (1) a notice of the "Inquiry Regarding Nationstar's Intended Enforcement Actions" (Dkt. No. 144), and (2) a notice of "Conflicting Enforcement Judgments and Request for Confirmation of Nationstar's Current Posture" (Dkt. No. 145);

- on October 23, 2025, Plaintiff filed (1) a motion for the "Immediate Cessation of Unlawful Enforcement and Interference with Federal Jurisdiction" (Dkt. No. 146), and (2) a notice of a "Continuing Federal and Ethical Duty Under Pending Supreme Court Jurisdiction" (Dkt. No. 147);

- on October 27, 2025, Plaintiff filed (1) a "Notice and Request for Clarification and Vacatur of Void Judgment and Derivative Writ of Possession" (Dkt. No. 148), (2) "Plaintiff's Post-Judgment Motion to Effectuate and Satisfy Ratified State Judgment Pursuant to Ancillary Jurisdiction, Full Faith and Credit Clause, and Fed. R. Civ. P. 70" (Dkt. No. 149), (3) an "Administrative Petition to Chief Judge for Enforcement of Ratified State Judgment Under Rule 70 and Supervisory Authority (28 U.S.C. § 137)" (Dkt. No. 150), (4) "Supplement No. 1 to Post-Judgment Motion for Enforcement and Contempt Authority" (Dkt. No. 151), (5) a "Motion for Civil Contempt and Protective Injunction" (Dkt. No. 152), and (6) a "Notice to Counsel of Emergency Motion and Request for Compliance" (Dkt. No. 153);

---

[1] The eviction proceeding is not addressed in Plaintiff's SAC or in any of this Court's prior rulings.

- on October 28, 2025 Plaintiff filed (1) an "Emergency Application for Temporary Restraining Order" (Dkt. No. 154), (2) a "Request for Virtual Appearance at TRO Hearing" (Dkt. No. 155), (3) "Plaintiff's Reply to Defendant's Opposition to Emergency TRO" (Dkt. No. 158), (4) "Plaintiff's Supplemental Memorandum in Further Support of Emergency TRO" (Dkt. No. 159), (5) a "Notice of Supplemental Exhibit" (Dkt. No. 160), (6) a letter concerning Plaintiff's request for an "Emergency TRO and . . . Same-Day Conference" (Dkt. No. 161),[2] and (7) a "Request for Administrative Review and Referral for Enforcement Oversight" (Dkt. No. 163);

- on October 29, 2025, Plaintiff filed a "Notice of Federal Custody and Request for Enforcement Pursuant to 28 U.S.C. § 566(c) and Fed. R. Civ. P. 70(e)" (Dkt. No. 164);

- on November 1, 2025, Plaintiff filed an "Emergency Notice of Intent to Call Constable Sandra D. Lee as Fact Witness and Request for Immediate Service and Appearance Under Official Duty" (Dkt. No. 165);

- on November 4, 2025, Plaintiff filed an "Amended Motion to Enforce Texas Amended Final Judgment, Compel Execution of Corrective Deed, and Restore Possession Under Rule 70(E), the All Writs Act, and 28 U.S.C. § 566(c)" (Dkt. No. 166);

- on November 6, 2025, Plaintiff filed (1) "Plaintiff's Full Reply to Defendant's November 6, 2025 Letter" (Dkt. No. 168), and (2) a "Notice of Request for Judicial Notice" (Dkt. No. 169);

- on November 7, 2025, Plaintiff filed (1) an "Emergency Combined Motion" (Dkt. No. 170), (2) "Plaintiff's Post-Judgment Motion for Sanctions Against Attorney Brian Scibetta" (Dkt. No. 171), and (3) "Plaintiff's Supplemental Memorandum of Law in Support of Emergency Combined Motion to Enforce Judgment, Issue Writ of Assistance, and for Civil Contempt Sanctions" (Dkt. No. 172);

- on November 22, 2025, Plaintiff filed an "Emergency Ex Parte Motion to Enforce Judgment, Restore Possession, Enjoin Constitutional and ADA Violations, and Direct United States Marshals Service" (Dkt. No. 173);

- on November 24, 2025, Plaintiff filed (1) a "Supplemental Memorandum of Law in Support of [her November 22, 2025 application]" (Dkt. No. 174), (2) a

---

[2]  In an October 28, 2025 order, this Court denied Plaintiff's request for a same-day conference and "an interim administrative stay pending determination of the TRO." (Oct. 28, 2025 Mem. Endorsement (Dkt. No. 162))

"Supplemental Addendum" (Dkt. No. 176), and (3) "Plaintiff's Reply in Support of Rule 70 Enforcement, Contempt, and Restoration of Status Quo Ante" (Dkt. No. 177);

- on November 25, 2025, Plaintiff filed a "Letter Motion to Supplement Record in Support of [her November 22, 2025 application] with Declaration and Exhibits" (Dkt. No. 178)

- on November 26, 2025, Plaintiff filed a "Letter Motion to Enforce Judgment Under Fed. R. Civ. P. 70" (Dkt. No. 179);

- on November 29, 2025, Plaintiff filed (1) a "Motion for Relief From Judgment Pursuant to Fed. R. Civ. P. 60(b)(6)" (Dkt. No. 180), (2) the "Declaration of Harriet Nicholson Regarding Defendants' Failure to Pay Court-Ordered Costs" (Dkt. No. 181), and (3) "Plaintiff's Motion for Sanctions Against Attorney Brian P. Scibetta Under Rule 11(c)(3), 28 U.S.C. § 1927, the Court's Inherent Powers, and the Fraud-on-the-Court Doctrine" (Dkt. No. 182);

- on December 1, 2025, Plaintiff filed (1) a notice of "Plaintiff's Motion for Civil Contempt" (Dkt. No. 183), (2) a "Memorandum of Law in Support of Plaintiff's Motion for Civil Contempt" (Dkt. No. 184), (3) a "Notice Regarding Filed Motion for Civil Contempt" (Dkt. No. 185), and (4) "Plaintiff's Supplemental Authority in Support of [her motion for civil contempt]" (Dkt. No. 186);

- on December 2, 2025, Plaintiff filed the "Declaration of Harriet Nicholson in Support of Motion for Civil Contempt" (Dkt. No. 187);

- on December 3, 2025, Plaintiff filed (1) "Plaintiff's Supplemental Memorandum of Law in Support of Motion for Civil Contempt" (Dkt. No. 188), and (2) a "[Proposed] Order Granting Civil Contempt, Restoration of Possession, Corrective Deed Enforcement, Compensatory Damages, and Deposit Into Court Registry" (Dkt. No. 189);

- on December 4, 2025, Plaintiff filed a "Final 24-Hour Compliance Directive" (Dkt. No. 190);

- on December 5, 2025, Plaintiff filed an "Emergency Motion for Temporary Restraining Order and Mandatory Injunction" (Dkt No. 191);

- on December 6, 2025, Plaintiff filed (1) a "Notice of Filing – Emergency Motion For Temporary Restraining Order" (Dkt. No. 192), (2) a "Notice of Filing Supplemental Jurisdictional Clarification" (Dkt. No. 193), (3) a "Supplemental Jurisdictional Clarification" (Dkt. No. 194), and (4) "Plaintiff's Notice of Supplemental Authority" (Dkt. No. 195);

- on December 8, 2025, Plaintiff filed (1) "Plaintiff's Supplemental Clarification to Notice Of Supplemental Authority" (Dkt. No. 196), (2) a "Notice of Limited AI Drafting Assistance and Human Verification" (Dkt. No. 198), and (3) a "Reply in Opposition to Defendant's Omnibus Letter-Memorandum" (Dkt. No. 199).

In certain of these filings, Plaintiff contests the actions of non-party Nationstar Mortgage LLC ("Nationstar") in a Texas state court eviction proceeding captioned Nationstar Mortgage LLC v. Harriet H. Nicholson and All Occupants, No. 2025-005783-1 (County Court at Law No. 1, Tarrant County, Texas).  Plaintiff contends that Nationstar's actions in the Texas state court eviction proceeding constitute a "fraud on the court, civil contempt of the Texas judgment, and an unconstitutional taking in violation of the Fifth and Fourteenth Amendments." (Pltf. Oct. 28, 2025 Emergency Application for Temporary Restraining Order (Dkt. No. 154) at 4)  In Plaintiff's October 28, 2025 motion for a temporary restraining order, she seeks, inter alia, an order enjoining

> The Bank of New York Mellon and Nationstar Mortgage LLC d/b/a Mr. Cooper, and all persons acting in concert with them, from executing or enforcing any state-court writ of possession – including the October 10, 2025 writ and October 17, 2025 Final Notice to Vacate – or otherwise interfering with Plaintiff's possession of her homestead at 2951 Santa Sabina Drive, Grand Prairie, Texas 75052.

(Id. at 12)

On October 29, 2025, Plaintiff was evicted from the residence located at 2951 Santa Sabina Drive, Grand Prairie, Texas.  (See Dkt. No. 161)

In Plaintiff's December 5, 2025 motion for a temporary restraining order, she seeks, inter alia, the "immediate restoration of [Plaintiff's] possession" of this property.  (Pltf. Dec. 5, 2025 Emergency Motion for Temporary Restraining Order (Dkt. No. 191) at 8)

Defendant has asked this Court to deny all of Plaintiff's motions and applications, and to issue an order "that would prohibit further motion filings in the case [by Plaintiff] absent

advance permission." (Dkt. No. 157; see also Dkt. Nos. 167, 175, 197)  In a December 8, 2025 letter, Defendant argues that "[t]here is little reason to think based on the past couple months that Plaintiff will not continue carrying on with her high volume of filings to this docket." (Def. Dec. 8, 2025 Ltr. (Dkt. No. 197) at 7)  Defendant expresses "concern about the additional litigation costs it will be forced to incur based on these vexatious tactics," and seeks an order barring Plaintiff from filing additional motions and applications with this Court absent advance permission, or "an award of attorneys' fees for the costs in dealing with the frivolous post-dismissal litigation that Plaintiff has and continues to bring." (Id.)

## III.    ANALYSIS

As discussed above, Plaintiff has reprised and reformulated on numerous occasions arguments she has made in the past in this case concerning the Texas state court judgment granting foreclosure on her home.  As this Court stated in the August 28, 2023 order dismissing Plaintiff's claims (Dkt. No. 105) and in several decisions issued thereafter (see Dkt. Nos. 108, 128, 130), "Plaintiff cannot evade the preclusive effect of the Texas action merely by repackaging [the] same factual allegations" under different causes of action.  (Aug. 28, 2023 Order (Dkt. No. 105) at 14; see Clarke v. Frank, 960 F.2d 1146, 1150 (2d Cir. 1992) (res judicata "prevents a party from litigating any issue or defense that could have been raised or decided in a previous suit, even if the issue or defense was not actually raised or decided."))  Accordingly, Plaintiff's serial attempts to relitigate the factual allegations previously addressed by this Court and in the Texas state court action are barred by res judicata.

To the extent that Plaintiff seeks to assert claims against non-party "Nationstar Mortgage LLC d/b/a Mr. Cooper" (see Pltf. Oct. 28, 2025 Emergency Application for Temporary Restraining Order (Dkt. No. 154)), it is too late for Plaintiff to do so.  This Court dismissed Plaintiff's claims, denied leave to amend, and directed the Clerk of Court to close this

8

case in an August 28, 2023 order (Dkt. No. 105), and judgment was entered in favor of Defendant on January 17, 2024. (Dkt. No. 116) "Where a plaintiff seeks to join parties to [her] civil suit, Federal Rule of Civil Procedure 21 'is the operative rule[,]' . . . [and where] an answer has been filed [], the 'showing necessary under Rule 21 is the same as that required under Rule 15(a).'" Mason Tenders Dist. Council of Greater N.Y. v. Phase Constr. Servs., Inc., 318 F.R.D. 28, 36 (S.D.N.Y. Nov. 30, 2016). Plaintiff has not made the necessary showing under Rule 21 and Rule 15(a) to join additional parties at this late date. Accordingly, Plaintiff will not be permitted to assert claims against "Nationstar Mortgage LLC d/b/a Mr. Cooper" in the instant case.

Similarly, to the extent that Plaintiff seeks to stay, enjoin, or otherwise affect the actions of the Tarrant County, Texas court in connection with a 2025 eviction proceeding – or asks this Court to take action against litigants or counsel in that proceeding – that eviction proceeding, and the parties and counsel involved in that action, fall outside the scope of Plaintiff's Second Amended Complaint (Dkt. No. 35), which was filed on May 27, 2022. "Acts committed after the filing of the complaint are not within the scope of the plaintiff's claim." Proctor v. LeClaire, 715 F.3d 402, 412 (2d Cir. 2013). Accordingly, claims that arise from events that post-date the SAC are not within the scope of this litigation. Moreover, "[c]ourts in this Circuit have repeatedly held that the Anti-Injunction Act bars a federal court from enjoining state-court eviction proceedings." Perry v. Gonzalez, 24-CV-6973 (LLS), 2025 WL 1455901, at *3 n.2 (S.D.N.Y. May 19, 2025) (quoting Allen v. N.Y. City Hous. Auth., No. 10-CV-00168, 2010 WL 1644956, at *3 (S.D.N.Y. Apr. 20, 2010) (collecting cases)); see also Xue Ming Zheng v. N.Y.C. Hous. Auth. Off. of Impartial Hearing, No. 10 Civ. 509(DAB), 2010 WL 3910480, at *4 (S.D.N.Y. Sept. 28, 2010).

For all these reasons, Plaintiff's pending motions and applications will be denied.

Plaintiff has a history of filing repetitive, meritless motions and applications in this action. Given this Court's prior orders and decisions, she was or should have been aware that her claims in these motions or applications are barred by res judicata. See Roberts v. United States, 24-CV-1512 (LTS), 2024 WL 3606708, at *3-4 (S.D.N.Y. July 29, 2024) (finding that plaintiff with extensive litigation history knew or should have known that her claims were barred by the doctrine of sovereign immunity) (citing Sledge v. Kooi, 564 F.3d 105, 109-10 (2d Cir. 2009) (discussing circumstances where pro se "repeat filers" may be charged with knowledge of particular legal requirements)). Plaintiff is therefore warned that if she continues to file motions and applications in this action, the Court may issue an order directing her to show cause why she should not be prohibited from filing further motions and applications in this action. See Williams v. United States, 24-CV-4769 (LTS), 2025 WL 419262, at *2 (S.D.N.Y. Jan. 15, 2025); see also Moates v. Barkley, 147 F.3d 207, 208 (2d Cir. 1998) ("The unequivocal rule in this circuit is that the district court may not impose a filing injunction on a litigant sua sponte without providing the litigant with notice and an opportunity to be heard.").

The motions and applications set forth in Dkt. Nos. 136, 137, 149, 151, 152, 154, 159, 166, 170, 171, 173, 179, 180, 182, 183, 184, and 191 are denied. The Clerk of Court is directed to terminate these motions and applications.

The Court certifies under 28 U.S.C. § 1915(a)(3) that any appeal from this Order would not be taken in good faith, and therefore in forma pauperis status is denied for the purpose of an appeal. See Coppedge v. United States, 369 U.S. 438, 444-45 (1962).

Dated:  New York, New York
       December 8, 2025

SO ORDERED.

Paul G. Gardephe
United States District Judge

11